UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DOUGLAS WALKER,

Petitioner,

v. Case No. 1:09-cv-135-MP-GRJ

SECRETARY, DEPT. OF CORRECTIONS,

Respondent.
_____________________________/

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in the custody of the Florida Department of Corrections ("FDOC"), initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner later filed a First Amended Petition. (Doc. 8.) The First Amended Petition stems from two separate prison disciplinary reports ("DR") and convictions at Hendry Correctional Institution ("Hendry C.I.") on the unrelated charges of (i) spoken threats and (ii) unarmed assault. Petitioner received 30 days in administrative confinement as a result of the spoken threat disciplinary conviction and he was sentenced to 60 days in administrative confinement and lost 78 days' gain time as a result of the disciplinary conviction for unarmed assault. Petitioner unsuccessfully pursued administrative and state-court remedies before filing the instant First Amended Petition.

In the First Amended Petition, Petitioner makes a blanket assertion that correctional officers fabricated the two disciplinary reports against him in retaliation for Petitioner's filing of grievances, which he contends violated his due process rights. The

Respondent filed a response and exhibits (Doc. 15), and Petitioner filed a reply (Doc. 16). For the following reasons, the undersigned recommends that the First Amended Petition be denied.[1]

**Factual and Procedural History**

The Court will address the facts of the two disciplinary reports separately below, as Petitioner filed separate grievances challenging each individual DR. The Court will then discuss Petitioner's state court challenges to the two DR's jointly, as he addressed both disciplinary convictions in the same petition for a writ of mandamus in state court.

***1. The DR for Unarmed Assault***

On February 7, 2006, Petitioner was issued a disciplinary report for violating Fla. Admin. Code § 33-601.314(1-2), which prohibits FDOC inmates from committing unarmed assault. Respondent's Exhibit (hereafter "Exh.") D at 19-20. The DR, written by Officer William Thiessen, stated:

> On February 7, 2006 at approximately 2:40pm Officer K. Filipowicz and I were escorting inmate Walker, Douglas DC# 637039 for his pre-confinement physical. During this escort inmate Walker turned in my direction and stated 'You are nothing but a fuck boy' and spat in my direction. Due to inmate Walker attempting to spit on me he is being charged with 1-2 attempted assault. There were no other staff or inmate witnesses to this incident.

*Id.* at 19. Petitioner was provided with a copy of the charges against him on February 12, 2006. *Id.*

An investigation of the charge was conducted and Petitioner was interviewed and was offered the opportunity to submit a written statement. *Id.* at 23-24. In his

[1] Because the Court may resolve the Petition on the basis of the record, an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

written statement Petitioner said he did not attempt to spit on Officer Theissen and the DR was false and written in retaliation for grievances Petitioner previously had written against Theissen at Charlotte Correctional Institution. *Id.* at 24. Officer Theissen provided a witness statement in which he stated the unarmed assault DR was true and correct as it was written, while Officer Filipowicz stated he was present when Petitioner spat in Theissen's face. *Id.* at 23, 26. Petitioner was given the opportunity to request documentary or physical evidence and to request witnesses, but he chose not to request either. *Id.* at 25, 27-28.

Petitioner's disciplinary hearing was held on February 14, 2006 and Petitioner pled not guilty. *Id.* at 29. The disciplinary hearing team found Petitioner guilty based on Officer Flilpowicz and Officer Thiessen's statement that while escorting Petitioner, Petitioner stated, " 'you are nothing but a fuck boy,'" and spat on Theissen. *Id.* Petitioner forfeited 78 days of gain time and was given 60 days of disciplinary confinement as punishment for his unarmed assault disciplinary conviction. *Id.*

On February 17, 2006, Petitioner filed a formal grievance alleging that the statement of facts in the DR did not support the charge of unarmed assault, which was denied by the institution on the basis that Petitioner was charged with the correct offense. *Id.* at 30-32. On March 30, 2006, Petitioner appealed the institutional response to the Office of the Secretary, which denied the appeal on the basis that the institutional response was adequate. *Id.* at 33-34. Petitioner then filed an additional nine grievances with the institution regarding the disciplinary report for unarmed assault, all of which were denied at the institutional level. *Id.* at 35-36, 39-40, 43-44, 47-48, 51-52, 55-56, 59-60, 63-64, and 67-68. Petitioner appealed the denial of each

of the institutional responses, each of which the Office of the FDOC Secretary returned without action as they were not timely appealed. *Id.* at 37-38, 41-42, 45-46, 49-50, 53-54, 57-58, 61-62, 65-66, 69-70.

**2. Petitioner's DR for Spoken Threats**

On February 7, 2006, Petitioner was issued a DR for violating Fla. Admin. Code § 33-601.314(1-3), which prohibits FDOC inmates from making spoken threats to FDOC officials. Exh. D at 71- 72. The DR, written by Officer Filipowicz, stated:

> On 2-7-06 at approximately 2:35pm while supervising inside grounds, inmate Walker, Douglas DC#637039 was pulling weeds alongside of the multi-purpose building. After his work assignment was finished he approached me and stated, 'I will beat your fucking ass the first chance I get. I am gonna show you the difference between an inmate and a convict.' Inmate Walker is therefore being charged with 1-3 spoken or written threats. Officer W. Thiessen was the only witness to this incident.

*Id.*

Petitioner was informed of the charges against him on February 12, 2006. *Id.* at 71. An investigation of the charge was conducted. *Id.* at 75. As part of the investigation, Petitioner was offered the opportunity to submit a written statement and submitted a statement denying he made the threat attributed to him. *Id.* at 76. Petitioner was given the opportunity to request witnesses and he requested inmates Belfour and Human. *Id.* at 77. Inmates Belfour and Human were both provided the opportunity to submit a statement, but both voluntarily refused to do so. *Id.* at 79-80. Officer Thiessen provided a witness statement that he heard Petitioner threaten Officer Filipowicz. *Id.* at 78. Petitioner was given the opportunity to request documentary or physical evidence but failed to request any evidence. *Id.* at 81.

Petitioner's disciplinary hearing on the spoken threats charge was held on

February 23, 2006. *Id.* at 82. Petitioner pled not guilty. *Id.* The disciplinary hearing team found Petitioner guilty based on Officer Flilpowicz's statement that Petitioner threatened him. *Id.* Petitioner was given 30 days of disciplinary confinement as a result of this charge but he did not lose any gain time. *Id.* Petitioner subsequently filed ten grievances with the institution challenging the DR for spoken threats. *Id.* at 83, 87, 89, 94, 102, 104, 108, 112, 116, 120. Each grievance was denied at the institutional level. Petitioner then appealed the denial of seven of the ten grievances, but all seven appeals were returned without action by the Office of the Secretary as untimely. *Id.* at 85-86, 92-93, 106-07, 110-11, 114-15, 118-19, 122-23.

**3. Petitioner's State Court Challenges to the Disciplinary Reports**

On November 22, 2006, Petitioner filed a Petition for Writ of Mandamus with the Second Judicial Circuit in and for Leon County, Florida (the "state court") challenging both disciplinary reports and claiming they violated his federal constitutional rights. Exh. B. Respondent provided a response, arguing that Petitioner's Petition for Writ of Mandamus was untimely as to the DR for Unarmed Assault and was not exhausted as to the DR for Spoken Threats. Exh. D.

The state court dismissed Petitioner's petition for a writ of mandamus on May 18, 2007 on the grounds it was untimely and unexhausted. Exh F. In support of its decision, the state court stated the following:

> The petitioner's claims regarding the disciplinary charge for Unarmed Assault are untimely. The final appeal grievance response from the Office of the Secretary of the Department was mailed to the petitioner and filed with the agency Clerk on June 5, 2006. Complaint Ex. 4. Pursuant to Rule 33-103.007(8), Florida Administrative Code, the 'period for appeal begins to run on the date that the response is stamped and mailed.' The period for challenging the disciplinary action is 30 days. Fla.

> R. App. P. 9.100(c)(4); § 95.11(8), Fla. Stat. The timeliness of an inmate petition challenging a prison disciplinary proceeding is dependent upon the date of rendition of the order constituting final disposition of the inmate's grievances concerning the proceeding. Ortiz v. Moore, 741 So.2d 1153 (Fla. 1st DCA 1999). The date of rendition of the order constituting final disposition is the date the written order is filed with the clerk of the lower tribunal. Id. at 1154. The petitioner's Petition was given to prison officials for mailing on November 22, 2006, more than 30 days from the final disposition at the administrative level. Therefore, the petitioner's claims directed toward this disciplinary action must be dismissed as untimely. See Kalway v. Singletary, 708 So.2d 267 (Fla. 1998).
>
> The petitioner's claims regarding the disciplinary charge for Spoken Threats have not been properly exhausted at the administrative level. An inmate seeking relief from an alleged error committed by the department must first exhaust all available administrative remedies before receiving consideration from a court. See, e.g., Reed v. Moore, 768 So.2d 479 (Fla. 2nd DCA 2000). The administrative remedy available to all inmates is the Department's three step internal dispute resolution procedure described in Chapter 33-103, Florida Administrative Code. The first step is an informal grievance raised within the institution where the inmate is housed. Fla. Admin. Code R. 33-103.005. The next step is a formal grievance directed to the warden or assistant warden of the institution. Fl. Admin. Code R. 33-103.006. The final step is an appeal to the Office of the Secretary of the Department. Fla. Admin. Code R. 33-103.007.
>
> Although the petitioner filed ten grievances challenging the disciplinary action for spoken threats, See Resp. Ex. Y-HH, he failed to properly exhaust any of the grievances by perfecting an appeal to the Office of the Secretary in a timely manner. Resp. Ex. AA-HH, Y and Z.
>
> To the extent that the petitioner seeks relief beyond expunction of the disciplinary reports, he has failed to demonstrate a requisite clear legal right to the relief. See Turner v. Singletary, 623 So.2d 537, 538 (Fla. 1st DCA 1993).
>
> For the foregoing reasons of timeliness and failure to exhaust administrative remedies, the Petition is hereby **DISMISSED**.

Exh. F at 2-4.

Petitioner appealed the dismissal of his petition for a writ of mandamus to the First District Court of Appeal, which affirmed the dismissal of the petition *per curiam* without a written opinion on August 28, 2008. Exhs. G, I and J.

**Standard of Review**

A state prisoner who is deprived of gain time as the result of a prison disciplinary proceeding that allegedly violated due process may seek federal habeas review, but such review is governed by the restrictions set forth under 28 U.S.C. § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003). Under § 2254, a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” or “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” § 2254(d). Under § 2254(e)(1), “a determination of a factual issue made by a State court shall be presumed to be correct,” and the petitioner “shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.”

The “contrary to” and “unreasonable application” clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-06 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002)(citing *Williams*). Under the “contrary to” clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the “unreasonable application” clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor*] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of time credits, a prisoner is entitled to the following three procedural protections: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Due process standards are satisfied if the findings of the disciplinary officer are supported by "some evidence." *Sup't, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

**Section 2254's Exhaustion Requirement**

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To

properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. Id. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

**Discussion**

In the First Amended Petition, Petitioner makes a blanket assertion that correctional officers fabricated the two disciplinary reports against him in retaliation for Petitioner's filing the grievances, which he contends violated his due process rights. Petitioner is not entitled to relief on either claim, as his challenge to the DR for spoken threats is unexhausted and his challenge to the DR for unarmed assault was untimely.

The Court will explain why Petitioner is not entitled to relief on either claim below.

**A. Petitioner's DR Conviction for Spoken Threats**

In handling Petitioner's challenge to his DR for spoken threats, the state court dismissed the claim as unexhausted. Exh. F at 3. In doing so, the state court stated:

> The petitioner's claims regarding the disciplinary charge for Spoken Threats have not been properly exhausted at the administrative level. An inmate seeking relief from an alleged error committed by the department must first exhaust all available administrative remedies before receiving consideration from a court. See, e.g., Reed v. Moore, 768 So.2d 479 (Fla. 2nd DCA 2000). The administrative remedy available to all inmates is the Department's three step internal dispute resolution procedure described in Chapter 33-103, Florida Administrative Code. The first step is an informal grievance raised within the institution where the inmate is housed. Fla. Admin. Code R. 33-103.005. The next step is a formal grievance directed to the warden or assistant warden of the institution. Fl. Admin. Code R. 33-103.006. The final step is an appeal to the Office of the Secretary of the Department. Fla. Admin. Code R. 33-103.007.
>
> Although the petitioner filed ten grievances challenging the disciplinary action for spoken threats, See Resp. Ex. Y-HH, he failed to properly exhaust any of the grievances by perfecting an appeal to the Office of the Secretary in a timely manner. Resp. Ex. AA-HH, Y and Z.

*Id.*

Petitioner's due process challenge to his DR for spoken threats is procedurally defaulted. His recourse to challenge the DR was to exhaust properly his administrative grievances before presenting the fully exhausted claim to the state court for its review. Petitioner did not do so, and thus this Court is unable to review the merits of this claim. Petitioner has failed to demonstrat either cause for the failure to properly present the claim and actual prejudice from the default or that a fundamental miscarriage of justice would result if the Court did not consider this claim. Accordingly, Petitioner's due process challenge to his DR for spoken threats is procedurally defaulted and Petitioner is not entitled to federal habeas relief on this claim.

**B. Petitioner's Challenge to His DR For Unarmed Assault**

The state court also denied Petitioner's challenge to his DR for unarmed assault when Petitioner presented this challenge in his state court petition for a writ of mandamus. Exh. F at 2-3. In doing so, the state court wrote the following:

> The petitioner's claims regarding the disciplinary charge for Unarmed Assault are untimely. The final appeal grievance response from the Office of the Secretary of the Department was mailed to the petitioner and filed with the agency Clerk on June 5, 2006. Complaint Ex. 4. Pursuant to Rule 33-103.007(8), Florida Administrative Code, the 'period for appeal begins to run on the date that the response is stamped and mailed.' The period for challenging the disciplinary action is 30 days. Fla. R. App. P. 9.100(c)(4); § 95.11(8), Fla. Stat. The timeliness of an inmate petition challenging a prison disciplinary proceeding is dependent upon the date of rendition of the order constituting final disposition of the inmate's grievances concerning the proceeding. Ortiz v. Moore, 741 So.2d 1153 (Fla. 1st DCA 1999). The date of rendition of the order constituting final disposition is the date the written order is filed with the clerk of the lower tribunal. Id. at 1154. The petitioner's Petition was given to prison officials for mailing on November 22, 2006, more than 30 days from the final disposition at the administrative level. Therefore, the petitioner's claims directed toward this disciplinary action must be dismissed as untimely. See Kalway v. Singletary, 708 So.2d 267 (Fla. 1998).

*Id.*

Petitioner's due process challenge to his DR for unarmed assault is also procedurally defaulted. His recourse to challenge the DR was to exhaust properly his administrative grievances by timely completing the FDOC grievance process before presenting the fully exhausted claim to the state court for its review. Petitioner did not do so, and thus this Court is unable to review the merits of this claim. Petitioner has failed to demonstrate either cause for the failure to properly present the claim and actual prejudice from the default or that a fundamental miscarriage of justice would result if the Court did not consider this claim. Accordingly, Petitioner's due process

challenge to his DR for unarmed assault is procedurally defaulted and Petitioner is not entitled to federal habeas relief on this claim.

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus, Doc. 1, should be **DENIED,** and that a certificate of appealability should be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida this 8th day of June 2012.

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**